UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

| Case No. | CR14-328-CAS | | Date | June 8, 2016 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| CONNIE LEE | NOT PRESENT | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Reginald Bailey | NOT | | | NOT PRESENT | | | |
| Dominic Dorsey | NOT | | | NOT PRESENT | | | |

| Proceedings: | (IN CHAMBERS) - DEFENDANT REGINALD BAILEY'S MEMORANDUM OF LAW RE: SECTION 924(c) COUNTS (Dkt. 141) |
|---|---|

## I. INTRODUCTION AND BACKGROUND

On June 3, 2014, a federal grand jury indicted defendants Reginald Bailey ("Bailey") and Dominic Dorsey ("Dorsey") with one count of conspiracy to interfere with interstate commerce by robbery (count one), in violation of the Hobbs Act, 18 U.S.C. § 1951(a); five substantive Hobbs Act robbery counts (counts two through six); and five counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence (counts seven through 11), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Dkt. 1. On January 14, 2016, defendants' first trial ended with a hung jury. See Dkt. 178. Accordingly, all pending motions were mooted, with the exception of a memorandum of law filed by defendant Reginald Bailey on December 26, 2015. Dkt. 141 ("Memo").

In the memorandum, Bailey argues that counts seven through eleven of the indictment should be dismissed in light of recent authority that purportedly calls into question whether a substantive Hobbs Act robbery count constitutes a "crime of violence," as is necessary for the government to sustain its charges under 18 U.S.C. § 924(c)(1)(A)(ii) for possessing, using, carrying, and brandishing a firearm in furtherance of a "crime of violence." On December 31,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

2015, the government filed a response to defendant's memorandum of law, arguing, among other things, that defendant's memorandum should be ignored or otherwise denied as an untimely dispositive motion to dismiss nearly half of the counts in this case. Dkt. 143 ("Opp'n").

On June 3, 2016, the government filed the operative Second Superceding Indictment, which again charges defendants with one Hobbs Act conspiracy count, five substantive Hobbs Act robbery counts, and five counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The second trial in this matter is scheduled to commence on July 12, 2016. Dkt. 181. The Court construes defendant's memorandum of law as a motion to dismiss counts seven through eleven of the Indictment. Having carefully considered defendant's arguments, the Court finds and concludes as follows.

## II.    DISCUSSION

### A.    Introduction

Counts seven through eleven of the operative Indictment charge defendant with violations of 18 U.S.C. § 924(c), alleging that defendant used and possessed firearms in furtherance of and during and in relation to "crimes of violence"—namely the Hobbs Act robberies charged in counts two through six. Section 924(c)(1)(A)(ii) provides that "any person who, during and in relation to *any crime of violence* . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence . . . if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . ." See 18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added).

For purposes of section 924(c), a "crime of violence" means any offense that is a felony and

>   (A)    has as an element the use, attempted use, or threatened *use of physical force* against the person or property of another, or
>
>   (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. at § 924(c)(3)(A)-(B). Courts generally refer to section 924(c)(3)(A) as the "force clause" and to section 924(c)(3)(B) as the "residual clause."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Here, the "crimes of violence" that serve as the predicate for the section 924(c) charges arise from the substantive Hobbs Act robbery counts. The Hobbs Act provides criminal liability for one who

> in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by *robbery* or extortion or attempts or conspires to do so, *or commits or threatens physical violence* to any person or property in furtherance of a plan or purpose [to violate this statute.]

18 U.S.C. § 1951(a) (emphasis added). As is relevant here, Hobbs Act robbery is specifically defined as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, ***by means of actual or threatened force, or violence, or fear of injury,*** immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

Id. at § 1951(b)(1) (emphasis added).

In the instant memorandum, defendant argues that the Hobbs Act robberies charged in counts two through six cannot be considered "crimes of violence" under either the "force clause" or the "residual clause" of 18 U.S.C. § 924(c).[1] According to defendant, because the statutory language in the Hobbs Act permits a jury to find guilt for acts which do *not* constitute an intentionally committed act of violent physical force, as purportedly required by the section 924(c)(3) force clause, Hobbs Act robbery cannot categorically be considered a "violent crime"

---

[1] The Ninth Circuit has not ruled on whether Hobbs Act robbery categorically constitutes a "crime of violence" under section 924(c)'s force clause (i.e., under 18 U.S.C. § 924(c)(3)(A)). However, in United States v. Mendez, the Ninth Circuit held that *conspiracy* to commit robbery in violation of § 1951(a) constituted a "crime of violence," but only under the "residual clause" of section 924(c) (i.e., 18 U.S.C. § 924(c)(3)(B)). See 992 F.2d 1488, 1498 (9th Cir. 1993) (declining to reach the question whether conspiracy to commit substantive Hobbs Act robbery is a "crime of violence" under the force clause (i.e., 18 U.S.C. § 924(c)(3)(A)) upon concluding that any such conspiracy constitutes a "crime of violence" under the residual clause (i.e., 18 U.S.C. § 924(c)(3)(B)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

under the section 924(c)(3) force clause. In addition, defendant contends that the section 924(c)(3) residual clause is unconstitutionally vague in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson II").

**B.    Applying the Categorical Approach, Hobbs Act Robbery is a "Crime of Violence" under 18 U.S.C. § 924(c)(3)(A)**

To determine whether an offense qualifies as a "crime of violence" under section 924(c)(3), the Ninth Circuit applies the "categorical approach" outlined in Taylor v. United States, 495 U.S. 575 (1990). See United States v. Piccolo, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). In applying the categorical approach, the Court must determine whether the offense—i.e., Hobbs Act robbery under 18 U.S.C. § 1951(b)(1)—"is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition"—here, the definition of a "crime of violence" set forth in the section 924(c)(3) force clause. United States v. Sahagun-Gallegos, 782 F.3d 1094, 1098 (9th Cir. 2015). This categorical approach "is in contrast to the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case." Mendez, 992 F.2d at 1490.

At bottom, defendant's argument is that Hobbs Act robbery cannot qualify as a "crime of violence" under the categorical approach "because the full range of conduct encompassed in the elements of the offense fails to match the 'force' clause [of 18 U.S.C. § 924(c)(3)(A)]." Memo at 7; see 18 U.S.C. § 924(c)(3)(A) (stating that a "crime of violence" is any offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). Specifically, defendant argues that Hobbs Act robbery cannot categorically be considered a "violent crime" under 18 U.S.C. § 924(c)(3)(A) because there are at least two ways in which one can purportedly be convicted of Hobbs Act robbery without satisfying the elements of section 924(c)(3)'s force clause: first, defendant contends that Hobbs Act robbery may be committed by merely instilling "fear of injury" in one's victim—and thus without the actual use of physical force, as is necessary for a crime to constitute a "crime of violence" under the section 924(c)(3) force clause; and second, defendant argues that Hobbs Act robbery may be committed without satisfying the requisite intent element implicit in the section 924(c)(3) force clause. For reasons explained below, the Court rejects these arguments, and concludes that under the categorical approach, Hobbs Act robbery constitutes a "crime of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

violence" under 18 U.S.C. 924(c)(3)(A).[2]

### 1. "Fear of Injury" in Hobbs Act Robbery and Section 924(c)(3)(A)'s "Physical Force" Requirement

Under section 924(c)(3)(A), a "crime of violence" is any offense that is a felony and "has as an element the use, attempted use, or threatened use of *physical force* against the person or property of another" 18 U.S.C. § 924(c)(3)(A). Relying upon the Supreme Court's decision in Johnson v. United States, 559 U.S. 133, 130 (2010), defendant first argues that the term "physical force" in section 924(c)(3)(A) means "violent physical force."[3] Memo at 8. Armed

---

[2] In light of the Court's conclusion regarding section 924(c)(3)(A) (the "force clause"), the Court need not consider whether section 924(c)(3)(B) (the "residual clause") is void for vagueness following the Supreme Court's decision in Johnson II. See United States v. Standberry, 139 F. Supp. 3d 734, 741 (E.D. Va. 2015) ("Given the Court's finding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), it will decline to venture onto the less firm terrain of § 924(c)(3)(B)."); United States v. Merinord, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) ("[T]he Court declines to consider defendants' arguments that the residual clause of § 924(c)(3) is void for vagueness."); United States v. Anglin, 2015 WL 6828070, at *8 (E.D. Wis. Nov. 6, 2015) ("Because the court finds that defendant's Hobbs Act conviction qualifies as a crime of violence under § 924(c)(3)(A), it refrains from determining whether subsection (B) is unconstitutional following Johnson.").

[3] The Ninth Circuit has not yet construed the term "physical force" under the section 924(c) force clause. Defendant accordingly contends that this Court should adopt a meaning applied in Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I"), wherein the Supreme Court considered whether a conviction for simple battery under Florida law qualifies as a "violent felony" under the force clause of the Armed Career Criminal Act ("ACCA"). The Court in Johnson I held that to satisfy this definition, the physical force required by the offense must be "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140 (emphasis in original). In United States v. Bell, a federal district court in the Northern District of California concluded that "physical force" under the section 924(c)(3) force clause "carries the same meaning as under the ACCA force clause," and applied the meaning derived from Johnson I to section 924(c)(3). See United States v. Bell, — F. Supp. 3d —, 2016 WL 344749, at *2 (N.D. Cal. Jan. 28, 2016) (Orrick, J.) (noting that following Johnson I, the Ninth Circuit has extended this definition of "physical force" to other generic offense provisions (though not the section 924(c)(3) force clause), including 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2, both of which define "crime of violence" using language that is identical or essentially identical to that used in the ACCA force clause and the section 924(c)(3) force

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

with this view, defendant contends that "if the Hobbs Act robbery statute can realistically be violated in a manner that does not require violent physical force[, as] required by the § 924(c) 'force' clause, [then] it would not qualify as a 'crime of violence' under that statute." Memo at 8.

That is, if Hobbs Act robbery may be committed by merely placing the victim in "fear of injury . . . to his . . . property," 18 U.S.C. § 1951(b)(1), then—defendant contends—the statute does not categorically involve "the use, attempted use, or threatened use of *physical force*," as required by the section 924(c)(3) force clause. Specifically, defendant argues (without citation to authority) that the "most innocent way" of committing Hobbs Act robbery is to unlawfully take property by placing the victim "in fear of injury to his intangible property." Memo at 8. For example, defendant avers that one could instill fear of injury by "threat[ening] to devalue some intangible economic interest[] like a stock holding or contract right." Id. at 9. Alternatively, defendant asserts that one could also place tangible property in jeopardy, such as by threatening to paint graffiti on a business or deface a passport. Id. at 9. In defendant's view, because the Hobbs Act robbery statute may create liability based upon such nonviolent threats, the statute fails to qualify as a "crime of violence" under the section 924(c)(3) force clause.

Ultimately, the Court finds defendant's arguments unavailing. As one court in the Southern District of New York recently noted in a lengthy discussion addressing the very same contentions, "the text, history, and context of the Hobbs Act compel a reading of the phrase 'fear of injury' that is limited to fear of injury *from the use of force*." See United States v. Pena, — F. Supp. 3d —, 2016 WL 690746, at *8 (S.D.N.Y. Feb. 11, 2016) (Nathan, J.) (rejecting defendant's argument that "Hobbs Act robbery is not covered by the [section 924(c)(3)] Force clause because it is possible to put someone in fear of injury without the threat of force"). This Court finds the statutory construction in Pena to be persuasive and accordingly concludes, as did the court in Pena, that "fear of injury to [one's] . . . property" under 18 U.S.C. § 1951(b)(1) includes only fear of injury from the use of force, and not fear instilled by, for example, threatened economic devaluation of stocks or physical defacing of a building.

In light of the Court's construction of the term "fear of injury," defendant's examples that do not involve the threat of force "are simply not covered by Hobbs Act robbery. If prosecutors charged a Hobbs Act robbery committed through 'fear of injury,' and the feared injury was (to use one of [defendant's] examples), a diminution of [stock holding] values . . . , that case could be dismissed for failure to state an offense—only a fear of injury from the use of force will satisfy the statute." Pena, 2016 WL 690746, at *11 (noting that a Hobbs Act robbery charge

clause). The Court finds it appropriate to do the same here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

premised upon a threatened "diminution of local property values due to garish construction" would be dismissed for failure to state a claim). Relatedly, defendant fails to demonstrate that there is "a realistic probability" that that the elements of Hobbs Act robbery can be met without also qualifying as a violent crime under the section 924(c) force clause. Gonzales v. Duenas–Alvarez, 549 U.S. 183, 193 (2007). In order to find Hobbs Act robbery to be overbroad, "there must be a 'realistic probability, not a theoretical possibility,' that the statute would be applied to conduct not encompassed by the generic federal definition" of a "violent crime" articulated in the section 924(c)(3) force clause. Bell, 2016 WL 344749, at *2 (quoting Duenas–Alvarez, 549 U.S. at 193). Defendant's "examples do not satisfy the 'realistic probability' standard of the categorical approach because he fails to cite any cases in which 'courts in fact did apply the statute' (or indeed, any robbery statute) in the manner [defendant] claims they would." Pena, 2016 WL 690746, at *11 (quoting Duenas–Alvarez, 549 U.S. at 193).

In reaching its conclusion here, the Court joins a growing list of district courts to have found, in the wake of the Supreme Court's decision in Johnson II, that under the categorical approach, Hobbs Act robbery constitutes a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). See, e.g., United States v. Crawford, 2016 WL 320116, at *3 (N.D. Ind. Jan. 27, 2016) (noting that "even since Johnson was decided in June 2015, over a dozen district courts have considered [the] question . . . [and] have unanimously held that Hobbs Act robbery is a crime of violence under the [section 924(c)(3)] force clause, even in light of the 'fear of injury' prong) (collecting cases); United States v. Lenzy, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); United States v. Williams, — F. Supp. 3d —, 2016 WL 1555696, at *8 (D. Me. Apr. 15, 2016); United States v. Phillip Smith & Develle Rural Merritte, 2016 WL 2901661, at *5 (D. Nev. May 18, 2016) ("Because Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, I deny the motion to dismiss the § 924(c) counts that are predicated on interference with commerce by robbery."). "In light of the thorough, persuasive, and unanimous discussions in those cases on this issue, the Court [here] need not belabor the point" any further. Crawford, 2016 WL 320116, at *3.

### 2. "Fear of Injury" in Hobbs Act Robbery and Section 924(c)(3)(A)'s Intent Requirement

Defendant also argues that Hobbs Act robbery is not a crime of violence as defined by the Section 924(c)(3) force clause because, in defendant's view, implicit in the force clause is a *mens rea* requirement that is absent from the Hobbs Act robbery statute. Specifically, defendant argues that the "fear of injury" element under the Hobbs Act robbery statute does not require a defendant to *intentionally* place another in fear of injury, whereas the "physical force" require-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

ment of section 924(c)(3)(A) requires that there be an *intentional* threat of physical force.[4]

In support of his argument, defendant analogizes the "fear of injury" elements of the Hobbs Act robbery statute to the "intimidation" element of the federal bank robbery statute, codified at 18 U.S.C. § 2113(a). Section 2113(a), in relevant part, criminalizes "[w]hoever, by force and violence, *or by intimidation*, takes, or attempts to take, from the person or presence of another . . . any property or money or any other thing of value" from a bank." 18 U.S.C. § 2113(a) (emphasis added). Defendant rightly notes that some courts have concluded that the intimidation element of the federal bank robbery statute may be satisfied regardless of whether the defendant intended to intimidate his or her victim, so long as an ordinary person in the victim's position would reasonably infer a threat of bodily harm from the defendant's actions. See, e.g., United States v. Woodrup, 86 F.3d 359, 354 (4th Cir. 1996) ("The intimidation element of § 2113(a) is satisfied . . . whether or not the defendant actually intended the intimidation"). In defendant's view, because the intimidation element in Section 2113(a) can be satisfied without specific intent, and the intimidation element is similar to the "fear of injury" element in the Hobbs Act, the latter should also be interpreted to cover robbery through *unintentional* intimidation—such that it cannot categorically be a crime of violence under the section 924(c)(3) force clause.

Again, the very same argument was considered and rejected by the district court in Pena. See 2016 WL 690746, at *11. In a passage that this Court finds to be persuasive (and that merits quotation at length), the court in Pena explained as follows:

> Even assuming that the Section 2113(a) case law applies directly to Section 1951's definition of Hobbs Act robbery, the . . . case law does not demonstrate that either statute is not a crime of violence under [relevant authority]. Section 2113(a) is not a strict liability crime. The Supreme Court has explained that Section 2113(a) is a general intent crime whose mens rea requirement is satisfied only if the "defendant possessed knowledge with respect to the *actus reus* of the

---

[4] The text of § 924(c)(3)(A) does not explicitly require that there be an *intentional* use of physical force in order for a crime to constitute a "a crime of violence." However, defendant cites Ninth Circuit authority holding that similar penalty-enhancing statutes implicitly require an intent element. See United States v. Gomez-Leon, 545 F.3d 777, 787 (9th Cir. 2008) (for the purposes of 18 U.S.C. § 16, as applied to sentencing guidelines providing extra penalties for crimes of violence, "the underlying offense must require proof of an *intentional* use of force"); see also Fernandez-Ruiz v. Gonzales, 466 F.3d 1121, 1132 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

> crime (here, the taking of property of another by force and violence or intimidation)." Carter v. United States, 530 U.S. 255, 268 (2000). In other words, a defendant charged with bank robbery pursuant to Section 2113(a) must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another. If a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance. Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear. This does not mean that the bank robbery was accomplished through "negligent or merely accidental conduct." [Leocal v. Ashcroft, 543 U.S. 1, 9 (2004)]. Accordingly, the Court rejects [defendant's] "somewhat implausible paradigm where a defendant unlawfully obtains another person's property against their will by unintentionally placing the victim in fear of injury." [Citation]. [Defendant] has failed to demonstrate a "realistic probability" that the accidental use of force would meet the elements of Hobbs Act robbery.

Id.

In an unpublished memorandum disposition, the Ninth Circuit also recently analogized the "fear of injury" element of 18 U.S.C. § 1951(b) to the "intimidation" element of 18 U.S.C. § 2113(a):

> [Defendant] argues that because Hobbs Act robbery may also be accomplished by putting someone in "fear of injury," 18 U.S.C. § 1951(b), it does not necessarily involve "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A). [Defendant's] arguments are unpersuasive and are foreclosed by United States v. Selfa, 918 F.2d 749 (9th Cir. 1990). In Selfa, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2,1 which uses the nearly identical definition of "crime of violence" as § 924(c). Selfa, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. Id. (emphasis added) (quoting United States v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

Hopkins, 703 F.2d 1102, 1103 (9th Cir. 1983)). *Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence*. United States v. Howard, — Fed. Appx. —, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (final emphasis added).

As in Pena, the Court here concludes that defendant has failed to demonstrate more than a theoretical possibility that the unintentional use of force may meet the elements of Hobbs Act robbery. See Pena, 2016 WL 690746, at *11.
.
### III.  CONCLUSION

In accordance with the forgoing, defendant Reginald Bailey's "memorandum of law," which the Court here construes as a motion to dismiss counts seven through 11 of the operative Indictment, is hereby **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CL | |