UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:14-CR-00328(B)-CAS | Date | June 30, 2016 |
|---|---|---|---|

Present: The Honorable **CHRISTINA A. SNYDER**

Interpreter N/A

| Catherine Jeang | Laura Elias | Joseph Axelrad<br>Jeffrey Chemerinsky |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) Dominic Dorsey | X | X | | 1) Philip Deitch | X | | X |
| 2) Reginald Bailey | X | X | | 2) Jay Lichtman | X | X | |

Proceedings: DEFENDANT REGINALD BAILEY'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 8, 2016 ORDER DENYING DISMISSAL OF THE 924(c) COUNTS (Dkt. 201)

## I. INTRODUCTION AND BACKGROUND

On June 3, 2014, a federal grand jury indicted defendants Reginald Bailey ("Bailey") and Dominic Dorsey ("Dorsey") with one count of conspiracy to interfere with interstate commerce by robbery (count one), in violation of the Hobbs Act, 18 U.S.C. § 1951(a); five substantive Hobbs Act robbery counts (counts two through six); and five counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence (counts seven through 11), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Dkt. 1. On January 14, 2016, defendants' first trial ended with a hung jury. See Dkt. 178. Accordingly, all pending motions were mooted, with the exception of a memorandum of law filed by defendant Reginald Bailey on December 26, 2015. Dkt. 141 ("Memo").

In the memorandum, Bailey argued that counts seven through eleven of the indictment should be dismissed in light of recent authority that purportedly calls into question whether Hobbs Act robbery constitutes a "crime of violence," as is necessary for the government to sustain its charges under 18 U.S.C. § 924(c)(1)(A)(ii) for possessing, using, carrying, and brandishing a firearm in furtherance of a "crime of violence." Id. On December 31, 2015, the government filed a response to defendant's memorandum of law, arguing, among other things,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

that defendant's memorandum should be ignored or otherwise denied as an untimely dispositive motion to dismiss nearly half of the counts in this case.  Dkt. 143.

On June 3, 2016, the government filed the operative Second Superceding Indictment, which again charges defendants with one Hobbs Act conspiracy count, five substantive Hobbs Act robbery counts, and five counts of possessing, using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]

In an order dated June 8, 2016, the Court construed defendant Bailey's memorandum of law as a motion to dismiss counts seven through eleven of the Indictment.  Dkt. 200 (Order).  In its order, the Court denied Bailey's motion and, in so doing, "join[ed] a growing list of district courts to have found, in the wake of the Supreme Court's decision in [Johnson v. United States, 135 S.Ct. 2551 (2015) ("Johnson II")], that under the categorical approach, Hobbs Act robbery constitutes a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)."  Id. (collecting cases).

On June 23, 2016, defendant Bailey filed a motion for reconsideration of the Court's June 8, 2016 order.  Dkt. 201 ("Mot. Recon.").  On June 29, 2016, the government filed an opposition to the instant motion.  Dkt. 203 ("Opp'n").  On June 30, 2016, the Court held oral argument on the instant motion, during which defendant Dorsey joined defendant Bailey in moving for reconsideration of the Court's prior order.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases."  United States v. Jones, 916 F. Supp. 2d 83, 86 (D.D.C. 2013); see also United States v. Aguirre, 214 F.3d 1122, 1124 (9th Cir. 2000) (noting "district courts generally have 'inherent authority' to decide motions for reconsideration and rehearing of orders in criminal proceedings") (citation omitted).  Because the Federal Rules of Criminal Procedure do not address motions for reconsideration, the Court here "applies the rationale of Rules 59(e) and 60(b) of the rules of civil procedure . . . ."  United States v. Aguilar, 886 F. Supp. 740, 741-42 (E.D. Wash. 1994); see also United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration permitted in a criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

---

[1] The second trial in this matter is scheduled to commence on July 12, 2016.  Dkt. 181.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

Generally, motions for reconsideration are justified where new evidence has come to light, or where there is a need to correct clear error or to prevent manifest injustice. See Page v. Something Weird Video, 960 F. Supp. 1438, 1440 (C.D. Cal. 1996). Pursuant to Federal Rule of Civil Procedure 60(b), "the court may relieve a party . . . from a final judgment . . . [or] order" based upon, *inter alia*, (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; or (4) "any other reason that justifies relief."

Similarly, under Central District Local Civil Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." See C.D. Cal. Civ. L.R. 7-18.

## III. DISCUSSION

Defendant Bailey moves for reconsideration of the Court's order on three grounds: first, because a "material difference" in the law governing the subject of the motion developed between defendant's filing of the motion and the Court's ruling on the motion; second, because defendant disagrees with the Court's various legal conclusions and its reliance upon the decision in United States v. Pena, — F. Supp. 3d —, 2016 WL 690746 (S.D.N.Y. Feb. 11, 2016) (Nathan, J.); and third, because the Court's order cited a recent unpublished Ninth Circuit Memorandum Disposition, United States v. Howard, — Fed. App'x. —, 2016 WL 2961978 (9th Cir. May 23, 2016) ("Howard I"), which, in defendant's view, "relies on outdated precedent that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

has been effectively overruled by more recent Supreme Court and Ninth Circuit decisions."[2] Mot. Recon. at 3.

  At bottom, defendant's argument is that this Court erred in finding Hobbs Act robbery to be a "crime of violence" despite several cases—some of which were cited in the Court's prior order—finding *other* robbery statutes not to be "crimes of violence" for purposes of section 924(c) or, alternatively, not to be "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[3] See, e.g., United States v. Bell, — F. Supp. 3d —, 2016 WL 344749, at *8-*10 (N.D. Cal. Jan. 28, 2016) (Orrick, J.) (employing the categorical approach to dismiss a section 924(c) charge based upon the predicate offense of robbery of United States property, codified at 18 U.S.C. § 2112, because "[t]he amount of force necessary

---

 [2] At least one court in this district has relied upon Howard I in reaching the same conclusion as this Court regarding Hobbs Act robbery. See United States v. Elima, Case No. 16-37-CJC (C.D. Cal. June 6, 2016) (Carney, J.) (Dkt. No. 91) ("This Court adopts the *Howard* court's analysis in full and determines that a Hobbs Act robbery qualifies as a 'crime of violence' under § 924(c)."). However, while this Court cited Howard I in its prior order, the Court did not—despite defendant's suggestion to the contrary—rely upon Howard I in reaching its conclusion. Dkt. 200, at 10 (citing Howard I, 2016 WL 2961978, at *1 ("Because bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence.")). At the Final Pretrial Conference and again at oral argument on the instant motion, counsel for defendant noted that Howard I has since been amended and superceded. See United States v. Howard, 2016 WL 3470070 (9th Cir. June 24, 2016) ("Howard II"). Language in Howard II makes clear that unlike defendant Bailey here, defendant-appellant Howard "[did] not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force," and accordingly the Ninth Circuit "[took] no position on that issue or the applicability of these precedents to Hobbs Act robbery." Id. at *1 n.1. Again, because this Court did not rely upon Howard I in reaching its prior conclusion, the additional language in Howard II does not inform a different result here.

 [3] Specifically, defendant argues that "[c]ommon-law robbery by 'force' does not require violent force; rather, it requires only that force necessary to accomplish the taking of the property," and that "[c]ourts of appeals nationwide have emphasized that Hobbs Act 'robbery' is merely a form of common-law robbery with the added interstate commerce jurisdiction al element." Mot. Recon. at 4-5 (citing United States v. Nedley, 255 F.2d. 350, 357 (3rd. Cir. 1958); United States v. Peterson, 236 F.3d 848, 851 (7th Cir. 2001); United States v. Wiseman, 172 F.3d 1196, 1214 (10th Cir. 1999), abrogated on other grounds by Rosemond v. United States, 134 S.Ct. 1230 (2014)).

to commit a section 2112 robbery . . . is less than violent force," such that there is "a realistic probability that section 2112 could be applied to nonviolent conduct"); United States v. Dunlap, — F. Supp. 3d —, 2016 WL 591757, at *6 n.7 (D. Or. Feb. 12, 2016) (Aiken, J.) (finding Oregon's third-degree robbery statute, codified at Oregon Revised Statutes § 164.135, not to be a predicate "violent felony" conviction for purposes of a sentencing enhancement under ACCA because "the level of force required for conviction does not rise to the level of 'violent force' as required by [Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I")]); United States v. Parnell, 818 F.2d 974, 981 (9th Cir. 2016) (finding Massachusetts's armed-robbery statute, codified at Massachusetts General Laws Annotated chapter 265 § 17, not to be a predicate "violent felony" conviction for purposes of a sentencing enhancement under ACCA "because the degree of force required to commit armed robbery in Massachusetts is immaterial so long as the victim is aware of it, [such that the] statute does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another' "); United States v. Gardner, — F.3d —, 2016 WL 2893881, at *7 (4th Cir. May 18, 2016) (finding North Carolina's common law robbery statute not to be a predicate "violent felony" conviction for purposes of a sentencing enhancement under ACCA because "the minimum conduct necessary to sustain a conviction for North Carolina common law robbery does not necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA"); see also United States v. Castro-Vasquez, 802 F.3d 28, 37 (1st Cir. 2015) (holding that Puerto Rico's robbery statute fails to satisfy Johnson I because it requires only "the slightest use of force").

In particular, defendant notes that in United States v. Dixon, the Ninth Circuit found that a conviction under California's robbery statute, California Penal Code ("CPC") § 211, does not qualify as a "violent felony" conviction for purposes of sentencing enhancement under ACCA "because [CPC § 211] criminalizes conduct not included within the ACCA's definition of 'violent felony.' " 805 F.3d 1193, 1196 (9th Cir. 2015). CPC § 211 prohibits "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Citing to a decision of the California Supreme Court, the court in Dixon noted that certain violations of CPC § 211 would not have "as an element the use, attempted use, or threatened use of physical force against [a] person," as required under 18 U.S.C. § 924(e)(2)(B)(i) in order to qualify as a "violent felony" for purposes of sentencing enhancement pursuant to ACCA:

> In *People v. Anderson*, the California Supreme Court clarified that one may violate CPC § 211 by *accidentally* using force. 252 P.3d 968, 972 (2011). The facts of *Anderson* illustrate why CPC § 211 is not a categorical match to the ACCA's definition of "violent felony." Anderson broke into an unoccupied car that was parked in a parking

> garage, intending to steal it. *Id.* at 970-71. He drove the car out of its parking spot and attempted to leave the garage, but could not because the gate was closed and he did not have a way to open it. *Id.* After the gate opened, Anderson sped out of the garage in the stolen car, running over the car's owner in the process. *Id.* Although Anderson claimed this was an accident, the California Supreme Court upheld his CPC § 211 conviction, ruling that the statute does not require finding the defendant acted with the intent to use force against another, as long as the defendant did use force against another person with the intent to steal. *Id.* at 971-72.

Dixon, 805 F.3d at 1197. According to the court in Dixon, the California Supreme Court's decision in Anderson "delineates one narrow class of CPC § 211 violations that do not satisfy the ACCA's definition of 'violent felony': those in which (1) the taking is not consensual (thereby failing the definition of generic extortion); and (2) the defendant uses force against a person, but only accidentally or negligently, rather than intentionally (thereby failing the element test of 18 U.S.C. § 924(e)(2)(B)(i) . . .)." Dixon, 805 F.3d at 1197.

In defendant's view, "Hobbs Act robbery is simply a form of common-law robbery," much like the various state law robbery statutes found not to be "violent felonies" (under ACCA) by the courts in Dixon, Dunlap, Parnell, and Gardner, among others. See Mot. Recon. at 7. Armed with this view, defendant argues "that Hobbs Act robbery by 'force' does not satisfy Johnson I's violent-physical-force requirement." Id.

However, the Court's prior order already reviewed in some detail the particular language in the Hobbs Act robbery statute and concluded, in light of such language and the relevant caselaw, that defendant had "fail[ed] to demonstrate that there is 'a realistic probability' that . . . the elements of Hobbs Act robbery can be met without also qualifying as a violent crime under the section 924(c) force clause." Dkt. 200 (Order) (citing Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)). In doing so, the Court was mindful of authority, including Dixon, finding various state law robbery statutes not to be "violent felonies" for purposes of ACCA.[4]

---

[4] Defendant's reliance upon Bell—wherein the court found a particular *federal* robbery statute not to constitute a "crime of violence" under section 924(c)—is also unavailing. As other district courts have noted, Bell involved a charge under 18 U.S.C. § 2112, a statute that "is clearly distinguishable from the Hobbs Act, because it makes no reference to the use or threatened use of violent force in the commission of the offense." United States v. McCallister, 2016 WL 3072237, at *1 (D.D.C. May 31, 2016) (distinguishing Bell on these grounds and holding that the court "is not persuaded that a Hobbs Act robbery can be committed by putting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

Because, in the Court's view, these state law robbery statutes are readily distinguishable from Hobbs Act robbery, the Court found it appropriate in its prior order to join "the chorus of judges declaring that a robbery in violation of the Hobbs Act is a 'crime of violence' for purposes of 18 U.S.C. § 924(c)." McCallister, 2016 WL 3072237, at *1.  Furthermore, and perhaps most importantly, defendant Bailey—much like the defendant in Pena—"has not presented any case law illustrating his hypothetical ways that *Hobbs Act robbery* could be committed through fear of injury without force, and he has thus failed to demonstrate a 'realistic probability' that the statute would actually be applied to the situations in his examples." Pena, 2016 WL 690746, at *11 (emphasis added).  Defendant's various arguments in the instant motion, most of which were already made in defendant's initial memorandum of law, do not provide grounds for disturbing the Court's prior order.

IV.  **CONCLUSION**

In accordance with the forgoing, defendant Reginald Bailey's motion for reconsideration is hereby **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 32 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

someone in fear of injury to his person in a way that does not involve the use or threatened use of physical force"); see also Pena, 2016 WL 690746, at *6 (S.D.N.Y. Feb. 11, 2016) (distinguishing Bell and noting that "[s]ection 2114(a) is substantially different from the Hobbs Act" because it "sweeps more broadly than Hobbs Act robbery . . . . [I]n contrast with the Hobbs Act, [s]ection 2114(a) . . . [does not] include a definition of robbery, which means (for instance) that there is no statutory element of 'force' that must be met.  [Section 2114] therefore ha[s] much more flexibility to incorporate state robbery case law that is not reconcilable with the definition of robbery stated explicitly in the Hobbs Act").