NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
Joseph D. Axelrad (Cal. Bar No. 274580)
Jeffrey M. Chemerinsky (Cal. Bar No. 270756)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7964/6520
     Facsimile: (213) 894-0141
     E-mail:    joseph.axelrad@usdoj.gov
                jeffrey.chemerinsky@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-328-CAS-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S AMENDED SENTENCING POSITION |
| v. | |
| DOMINIC DORSEY, | Date:    April 23, 2019 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby submits its amended position with respect to sentencing for defendant Dominic Dorsey.

//

//

The government's position is based on the attached memorandum of points and authorities, the files and records in this case, and such additional evidence and argument as may be presented at the hearing on this matter.

Dated: April 8, 2019        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


/s/
JEFFREY M. CHEMERINSKY
JOSEPH D. AXELRAD
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Dominic Dorsey ("defendant") engaged in a violent spree of armed robberies that terrorized numerous innocent individuals.  In August 2016, defendant was convicted at trial of 11 counts stemming from this armed robbery conspiracy, namely, one count of conspiracy to interfere with commerce by robbery (18 U.S.C. § 1951(a)), five counts of interference with commerce by robbery (18 U.S.C. § 1951(a)), and five counts of brandishing a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii).  The evidence at trial proved defendant committed at least eight armed robberies.

Defendant's five 924(c) convictions result in a mandatory prison sentence of 35 years' imprisonment,[1] which must run consecutive to the sentence imposed pursuant to the Sentencing Guidelines.  The United States Probation Office's ("Probation") calculated defendant's Guidelines as a level 30 and that defendant's Criminal History Category is III.  The government believes defendant's Guidelines is actually a level 33.  This results in an advisory Guidelines range of 168 to 210 months' imprisonment.

The government respectfully recommends a total term of 49 years' imprisonment, comprised of 35 years imprisonment for the 924(c) counts to run consecutive to a low-end Guidelines sentence of 168 months (14 years).  The government believes such a sentence is

---

[1] At the time of defendant's conviction, the five 924(c) convictions required a mandatory sentence of 107 years.  However, because Congress has passed the First Step Act this mandatory time is reduced to 35 years.  Prior to the passage of the First Step Act, the government filed a sentencing memorandum in this matter.  (CR 300.) This amended sentencing memorandum accounts for the changes from the First Step Act.

sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

**II.   STATEMENT OF FACTS**

A summary of the relevant facts are set forth in the Presentence Investigation Report ("PSR"), paragraphs 13-20.  Defendant and co-defendant Reginald Bailey committed a spree of armed robberies, targeting convenience stores and one bank.  The robberies terrorized and instilled great fear in the employees of the targeted locations.  During the trial in this matter, the Court heard from many of these employees, many of whom remain scarred by the impact of the robberies.

**III. RESPONSE TO THE PRESENTENCE INVESTIGATION REPORT**

   **A.   Probation's Guidelines Calculation**

Probation concluded that defendant has a total offense level of 30.  PSR, ¶ 17.  This calculation is based on the following:

| | |
|---|---|
| Base offense (U.S.S.G. § 2B3.1) | 20 |
| Firearm used (U.S.S.G. § 2B3.1) | +5 |
| Multi-Count Adjustment (U.S.S.G. § 3D1.4) | +5 |
| <u>Total Offense Level</u> | <u>30</u> |

   **B.   Government Response**

The government respectfully objects to the calculations and believes that defendant's total offense is a level 33.

First, the government believes that the adjusted offense level for groups 6 (PSR ¶¶ 64-69), 7 (PSR ¶¶ 70-75), and 8 (PSR ¶¶ 76-81) should be a level 26, rather than the level 25 recommended by Probation.  In each of these robberies, the robbers pointed the gun at the employees and actively used the gun to control the employees.  Under the Guidelines, this should result in a +6 for firearm

"otherwise used", pursuant to U.S.S.G. § 2B3.1(b)(2)(B).  Application Note 1(I) to U.S.S.G. § 1B1.1 defines "otherwise used" to mean that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm.  The government believes this is appropriate under the facts of this case. See United States v. Albritton, 622 F.3d 1104 (9th Cir. 2010) (holding the "otherwise used" enhancement was appropriate where the "[defendant] pointed the pistol directly at the teller and ordered her 'Down, Down!' In addition, [defendant specifically leveled the weapon at loan officer Zeiss in directing her across the room."). This would make the highest offense level a 26, to which a further +5 is applied pursuant to the multi-count adjustment, thereby resulting in an offense level of 31.

In addition, defendant committed perjury when he took the stand and lied about his commission of the robberies.  For example, defendant Dorsey lied about his association with co-defendant Bailey (Tr. 7-21-16, at 172-75), the presence of his car at a robbery (id. at 181-83), about Bailey's presence at a robbery location (id. at 183), about traveling from Bakersfield to Los Angeles without Bailey (Tr. 7-22-16), about using Bailey's phone (id. at 13-14), and about having ever been to the Citibank in Glendale, California (id. at 20).

Defendant's perjury subjects him to a +2 enhancement under U.S.S.G. § 3C1.1.  Defendant provided numerous material lies during the course of his testimony.  In the Ninth Circuit, "[f]or perjury to be deemed obstruction, the district court must find that: "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent." United States v. Castro-Ponce, 770 F.3d 819, 822 (9th Cir. 2014).  The application of such an enhancement requires an

3

express finding as to all three elements. Id. A perjury finding is warranted given the nature of defendant's testimony.

### C. Criminal History Calculation

Probation concluded that defendant has 5 criminal history points, resulting in Criminal History Category III. PSR, ¶ 102. The government agrees with this calculation.

### D. Resulting Guidelines Range

With a total offense of 33 and Criminal History Category of III, the resulting Guidelines' range is 168 to 210 months' imprisonment.

Based on the five 924(c) convictions defendant is subject to mandatory sentence of 35 years' imprisonment, which must run consecutive the Guidelines.

The government agrees with Probation's restitution calculation of $58,753.

## IV. Analysis of § 3553(a) Factors

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted). The parties should then be given an opportunity to argue for what they believe is an appropriate sentence. Id. Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties." Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007). In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote

4

respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

The government submits that the requested sentence is appropriate under the circumstances. The violent, terroristic nature of defendant's criminal conduct cannot be overstated. Defendant and his co-defendant repeatedly brandished and used a firearm to control and instill fear in innocent civilians in order to steal from them and their businesses. These crimes terrorized the businesses' employees and customers. These crimes have a lasting impact of emotional trauma on the victims.

Defendant's pattern of criminal conduct extremely serious, demonstrates a lack of complete respect for the law, and endangers the safety of the community. Defendant's crimes could have easily ended with an innocent civilian being wounded or killed.

The severe punishment requested serves the purposes of general deterrence. The sentence makes clear that gun crimes cannot be tolerated and that those who use firearms to terrorize and steal from others will face harsh punishment. The additional enhancement applied for perjury also appropriately penalizes defendant for his false statement under oath during trial.

This is not defendant's first criminal case. Defendant was previously convicted of possession of cocaine, assault with a deadly weapon, and ammunition prohibition. PSR, ¶¶ 97-99. In addition, defendant has been arrested approximately 10 additional times for crimes including 1st degree murder, theft, pimping, and supervising

1  prostitution.  PSR, ¶¶ 105-14.  Defendant engaged in the robbery
2  conspiracy in this case while subject to a term of probation.  PSR
3  ¶ 101.
4       The recommended sentence will also "avoid unwarranted sentence
5  disparities among defendants with similar records who have been found
6  guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  Because the
7  Sentencing Guidelines exist to ensure national uniformity in
8  sentencing, a sentence within the applicable Guidelines' range
9  ordinarily avoids disparity between similarly situated defendants.
10 See Gall v. United States, 552 U.S. 38, 54 (2007).  The Court is
11 entitled to rely on a correctly calculated Guidelines range in
12 finding that there is no unwarranted disparity between defendant and
13 other offenders convicted of similar offenses.  United States v.
14 Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010).  The requested
15 sentence for defendant is greater than his co-defendant, which is
16 appropriate given defendant's perjury during trial and more recent
17 higher criminal history.
18      The requested sentence is also consistent with Congress's intent
19 in passing the mandatory minimums for 924(c) counts, which was to
20 "punish severely criminals who use guns while committing violent
21 crimes."  United States v. Dorsey, 677 F.3d 944 (9th Cir. 2012).

**V.   CONCLUSION**

     For the foregoing reasons, the government respectfully requests
that the Court sentence defendant to 49 years, comprised of 35 years'
imprisonment on the 924(c) counts to run consecutive to a term of 14
years' imprisonment under the Guidelines.  In addition, the
government respectfully request the Court order defendant to serve
five years of supervised release, no fine, and a mandatory special

6

1  assessment of $1100.  Finally, the government agrees with the
2  restitution request set forth by Probation.